## Jeanette L. Richardson, doing business as Charlie's Mobil Service, appellee, v. Darwin D. Mast, appellant.

### 560 N.W.2d 488

Filed March 21, 1997.   No. S-95-333.

Mark R. McKeone, of Hart Law Office, P.C., for appellant.

Thomas J. Watson, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

White, C.J., Caporale, Wright, Connolly, and Gerrard, JJ., and Buckley, D.J.

White, C.J.

On June 3, 1994, appellant, Darwin D. Mast, examined an Oldsmobile Toronado Trofeo at Charlie's Mobil Service. On June 6, appellant and Jeanette L. Richardson, appellee, entered into a contract for the sale of the red 1988 Oldsmobile Toronado Trofeo, VIN 1G3EV11C2JU310294, for $7,500. The vehicle had been driven more than 81,000 miles. Pursuant to the express language of the written contract, the vehicle was being sold "As Is." In addition, the contract expressly disclaimed all expressed and implied warranties. The contract also contained a

"Contractual Disclosure Statement" which provided: " 'The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.' " The contract was signed by both appellant and appellee.

The window form, entitled "buyers guide," was attached to the car purchased by appellant. The buyers guide stated that the car was being sold "AS IS-NO WARRANTY" and listed major defects that may occur in used motor vehicles, including various transmission defects. Both appellant and appellee signed this document.

As consideration for the automobile, appellant tendered a check in the amount of $7,500. Appellant then took possession of the automobile.

Appellant testified that prior to his purchasing the automobile, appellee told him that she had purchased the automobile from a friend and had driven the automobile from Des Moines, Iowa, to Kearney, Nebraska, without any problems. Appellee denied such a conversation. According to appellee, she purchased the automobile from a dealership in Omaha, Nebraska.

On June 7, appellant informed appellee that he was having problems with the transmission. While appellee offered to pay 25 percent of the repair costs, appellant rejected the offer and stopped payment on the check he had given appellee the previous day. On June 10, appellant's attorney sent a letter to appellee indicating that appellant notified appellee that acceptance of the vehicle was being revoked and that the automobile was available for appellee to reclaim.

Appellee filed her petition in the county court for Buffalo County on July 14 to collect the unpaid check. Appellant returned the automobile to appellee on July 23, at a cost of $65 to appellant. Appellant then filed an answer and counterclaim on August 10, denying allegations made by appellee in her petition and asserting an affirmative defense of revocation of acceptance. Appellant counterclaimed, arguing that he was entitled to attorney fees and damages for storing and towing the automobile to appellee's place of business.

On August 15, appellee demurred to appellant's affirmative defense and counterclaim. The county court sustained appellee's

demurrer. Appellant filed an amended answer and counterclaim, alleging that he had revoked his acceptance of the vehicle due to a nonconformity which substantially impaired the value of the automobile and was not discovered because of the difficulty of discovery and assurances made by appellee. He also set out three counterclaims: a claim for costs incurred for storing the automobile from June 10 through July 23 and for costs incurred for towing the automobile to appellee's place of business, a claim for consequential damages, and a claim for attorney fees as allowed under Nebraska's Uniform Deceptive Trade Practices Act. Appellee subsequently filed a reply to appellant's amended answer.

Appellee amended her petition in September, renewing her request for the cost of the vehicle and further requesting the court to award her judgment for costs of storing the automobile. Appellant then filed an answer to the amended petition and reply to the affirmative defense, denying appellee's claims and allegations.

The matter was tried to the county court for Buffalo County on October 3. The court found that the defect in the vehicle was a nonconformity substantially impairing its value, that acceptance was induced by the difficulty of discovery of the defect and by appellee's assurances, and that revocation was timely made. The court found against appellee on her cause of action for recovery of the purchase price and found for appellant in the amount of $65 for out-of-pocket expenses and $46.15 for court costs. Appellant was not awarded attorney fees. Appellee subsequently filed a notice of appeal.

The district court for Buffalo County concluded that there was no evidence that the automobile failed to conform to the contract of the parties. The court remanded the matter to the county court with directions that judgment be entered in favor of appellee in the amount of $7,500, plus interest and costs. Further, with regard to appellant's counterclaim, judgment was to be entered in favor of appellee. Appellant filed a notice of appeal in the district court for Buffalo County.

Appellant assigns the following errors: (1) The court erred in determining that the automobile delivered to appellant was not a nonconforming good as referred to in Neb. U.C.C. § 2-608

(Reissue 1992), (2) the court erred in failing to find that revocation of acceptance is a separate and distinct remedy from breach of warranty under the Uniform Commercial Code and in failing to grant appellant the remedy of revocation of acceptance, and (3) the court erred in not awarding the appellant the out-of-pocket expenses incurred as a result of the revocation of acceptance.

In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *Warner v. Reagan Buick*, 240 Neb. 668, 483 N.W.2d 764 (1992). An appellate court shall reach conclusions on questions of law independent of the trial court's conclusions on questions of law. *Ketteler v. Daniel*, 251 Neb. 287, 556 N.W.2d 623 (1996). Determination of whether there has been conformity of goods as required under the Uniform Commercial Code is a question of fact. *Koperski v. Husker Dodge, Inc.*, 208 Neb. 29, 302 N.W.2d 655 (1981).

It is clear that the instant case is governed by article 2 of the Uniform Commercial Code. See *Koperski, supra*.

Pursuant to § 2-608:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

As stated clearly by statute and interpreted by this court, the initial step in determining whether the buyer may revoke his acceptance is to assess whether there exists a nonconformity. *Havelock Bank v. Western Surety Co.*, 217 Neb. 560, 352 N.W.2d 855 (1984). The definition of "conforming" goods is set out in Neb. U.C.C. § 2-106(2) (Reissue 1992) as follows: "Goods . . . are 'conforming' or conform to the contract when they are in accordance with the obligations under the contract."

The Oregon Court of Appeals applied this definition in *Clark v. Ford Motor Co.*, 46 Or. App. 521, 612 P.2d 316 (1980). In

*Clark*, the buyer of an automobile brought an action to recover the purchase price of an automobile manufactured by Ford Motor Company and sold by Beaty Ford-Mercury, Inc. The buyer purchased a new 1977 Ford Bronco from the dealer after selecting the vehicle in the showroom. The dealer expressly disclaimed all warranties. The buyer experienced problems with the vehicle: the radio antenna was missing and the automobile had significant rust stains. The buyer sought rescission of the installment sales contract, return of his downpayment, and return of his monthly payments.

The Oregon Court of Appeals concluded that the buyer could not recover from the dealer based on a revocation of acceptance theory. According to the court, the buyer failed to demonstrate that the vehicle did not conform to the requirements of the contract: the contract was for the sale of a Bronco selected by the buyer, the buyer received the Bronco he selected, and the dealer disclaimed all warranties.

Similarly, appellant in the instant case failed to demonstrate that the automobile did not conform to the requirements of the contract: the contract was for the sale of a red 1988 Oldsmobile Toronado Trofeo, VIN 1G3EV11C2JU310294, and appellant received that exact automobile. Further, appellee was not obligated by the sales contract to pay for any defects or damage to appellant's car as clearly expressed in the "As Is" provision. Finally, appellant was informed by means of the buyers guide that the automobile he was purchasing might have transmission problems. Appellant received what he contracted for: a 1988 Toronado Trofeo with possible transmission defects. The district court's findings were not clearly erroneous. We therefore affirm.

AFFIRMED.