LARRY FOILES, APPELLEE, V. MIDWEST STREET ROD ASSOCIATION
OF OMAHA, INC., A NEBRASKA CORPORATION, AND CHAMPIONSHIP
AUTO SHOWS, INC., A MICHIGAN CORPORATION, APPELLANTS.
578 N.W. 2d 418

Filed May 1, 1998.    No. S-96-1269.

Barbara Lohr Van Sant and Tami R. Weissert, of Schmid, Mooney & Frederick, P.C., for appellants.

Joseph A. Jordano and Michael J. Leahy, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Larry Foiles sued Midwest Street Rod Association of Omaha, Inc. (Midwest), and Championship Auto Shows, Inc. (Championship Auto), for damages he incurred when his trailer was stolen from a trailer parking lot at the 39th Annual World of Wheels exhibition in April 1994. Foiles alleged three theories of recovery: bailment, negligence, and fraudulent misrepresentation. The district court entered judgment in favor of Foiles in the amount of $7,173.16, and Midwest and Championship Auto appeal.

## SCOPE OF REVIEW

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Four R Cattle Co. v. Mullins*, 253 Neb. 133, 570 N.W.2d 813 (1997).

In a bench trial of a law action, the court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.*

On appeal, judgments are considered in a light most favorable to the successful party, and every evidentiary conflict is resolved in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. See *id.*

Where neither party requests that the trial court make specific findings of fact and conclusions of law, if there is a conflict in the evidence, the appellate court in reviewing the judgment rendered will presume that the controverted facts were decided in favor of the successful party, and the findings will

not be disturbed unless clearly wrong. *Henkle & Joyce Hardware Co. v. Maco, Inc.*, 195 Neb. 565, 239 N.W.2d 772 (1976).

## FACTS

Foiles was in Omaha, Nebraska, in April 1994 for the 39th Annual World of Wheels exhibition held at the Civic Auditorium. Midwest and Championship Auto promoted and operated the event, which was sanctioned by the International Specialty Car Association. Prior to the show, Foiles received instructions which stated: "Traveling Exhibitors . . . Trailer parking will be provided at no charge in the city owned lot, underneath the Interstate at the rear of the Auditorium located between 19th and 20th Streets. . . ." Foiles was provided a map of the Civic Auditorium and the surrounding streets. The map designated a specific parking lot for trailer parking which was north of the Civic Auditorium under the Interstate ramps.

Foiles testified that he had never visited Omaha prior to April 1994 and that he was unfamiliar with the Civic Auditorium. Upon his arrival at the Civic Auditorium, Foiles was directed by individuals wearing white T-shirts upon which an auto club insignia was visible. It was stipulated that members of Midwest were attired in this fashion and that these individuals were agents of both Midwest and Championship Auto. After unloading his motorcycle and display materials in the auditorium, Foiles drove his pickup truck and trailer outside with the intention of parking along the curb.

Foiles attempted to park his pickup and trailer along the curb adjacent to the Civic Auditorium; however, representatives of Midwest and Championship Auto told Foiles that he could not park at that location. He was directed to park in a designated trailer parking lot farther north on 19th Street. Before leaving for the lot, Foiles inquired whether the lot was secure. He was told by agents of Midwest and Championship Auto that the lot had 24-hour security.

Foiles parked his pickup and trailer at the trailer parking lot, but upon exiting his pickup, he was told that the lot was for trailers only and that he would have to disconnect the pickup and trailer and park his pickup elsewhere. Foiles unhitched the trailer from the pickup and attached the trailer to a nearby post

with a chain he had used to hold his cargo in place en route to the show. While at the lot, Foiles again asked about its security and was told that " '[w]e have 24-hour security. You have nothing to worry about.' "

Foiles attended the car show, and while inside the auditorium, he observed uniformed security officers patrolling the arena. On the morning of April 9, 1994, Foiles went to the trailer parking lot and discovered that his trailer and the supplies he had left in the trailer had been stolen. At trial, another participant in the show testified that his trailer had been vandalized during the show and that he had been told by Midwest's agents that the lot was secure.

Foiles sued Midwest and Championship Auto to recover the damages he incurred as a result of the loss of his trailer. The district court did not make any specific findings of fact, but issued a general verdict in favor of Foiles. Midwest and Championship Auto timely appealed, and pursuant to our power to regulate the caseloads of the appellate courts of this state, we moved the case to our docket.

## ASSIGNMENTS OF ERROR

In summary, Midwest and Championship Auto allege that the district court erred (1) in granting relief based upon an implied bailment, (2) in granting relief based upon fraudulent misrepresentation, and (3) in granting relief based upon negligence.

## ANALYSIS

Neither party requested that the district court submit written findings of fact or conclusions of law. Thus, the district court issued a general verdict in favor of Foiles which stated as follows: "Upon review of the testimony and briefs submitted herein, the Court enters judgment for the plaintiff against the defendants in the sum of $7,173.16 and costs."

Where neither party requests that the trial court make specific findings of fact and conclusions of law, if there is a conflict in the evidence, the appellate court in reviewing the judgment rendered will presume that the controverted facts were decided in favor of the successful party, and the findings will not be disturbed unless clearly wrong. *Henkle & Joyce Hardware Co. v. Maco, Inc.*, 195 Neb. 565, 239 N.W.2d 772

(1976). A general finding that the judgment should be for a certain party warrants the conclusion that the trial court found in favor of that party on all triable issues. See, *Peterson v. Kellner*, 245 Neb. 515, 513 N.W.2d 517 (1994); *Russell v. Luevano*, 234 Neb. 581, 452 N.W.2d 43 (1990).

Foiles alleged three theories of recovery: fraudulent misrepresentation, implied bailment, and negligence. Since the court entered a general verdict finding in favor of Foiles, we presume that Foiles prevailed on each theory alleged. In order to succeed upon appeal, Midwest and Championship Auto must establish that the district court was clearly wrong as to each theory of recovery.

Therefore, we first address the theory of fraudulent misrepresentation and consider each of the necessary elements to determine whether the district court was clearly wrong. In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintiff suffered damage as a result. *Four R Cattle Co. v. Mullins*, 253 Neb. 133, 570 N.W.2d 813 (1997).

Foiles established that after depositing his equipment in the Civic Auditorium, an agent of Midwest and Championship Auto directed him to the trailer parking lot and informed him that the lot had 24-hour security. At the lot, another agent of Midwest and Championship Auto told Foiles that the lot was secure and would be patrolled by security 24 hours per day. The district court was not clearly wrong in finding that agents of Midwest and Championship Auto made a representation to Foiles.

Midwest and Championship Auto admitted at trial that security was not provided for the trailer parking lot and that their agents' statements were either false or recklessly made. This evidence satisfies the second and third elements of fraudulent misrepresentation—that the representation was false and that, when made, was known to be false or made recklessly without knowledge of its truth as a positive assertion. Intent to deceive

is not an indispensable element of a cause of action for fraud based on misrepresentation. *Id.* A party may be liable for misrepresentation when a representation was false when made and the party knew that it was false or made it recklessly and without knowledge of its truth or falsity. *Id.*

The final three elements are that the representation was made with an intention that the plaintiff should rely upon it, that the plaintiff did reasonably so rely, and that the plaintiff suffered damage as a result. See *id.* Midwest and Championship Auto claim that it was not reasonable for Foiles to rely upon representations made by their agents because Foiles was an "experienced business person and show participant." See brief for appellants at 14. Whether it was reasonable for Foiles to rely upon the representations is a question of fact which will be overturned on appeal only if the court's finding is clearly wrong. See *Evergreen Farms v. First Nat. Bank & Trust,* 250 Neb. 860, 553 N.W.2d 728 (1996) (finding that issue of fraudulent misrepresentation was question of fact).

A person is justified in relying upon a representation made to him as a positive statement of fact, when an investigation would be required to ascertain its falsity. *Schuelke v. Wilson,* 250 Neb. 334, 549 N.W.2d 176 (1996). Foiles testified that he observed security guards on patrol inside the Civic Auditorium and that two persons dressed in white T-shirts and wearing Midwest name tags and insignias specifically told him that the trailer parking lot had 24-hour security. In order to determine if the representation made to him was false, Foiles would have had to investigate these statements. Therefore, we cannot say that the district court was clearly wrong in determining that Foiles reasonably relied upon the representations made to him by Midwest and Championship Auto's agents.

Midwest and Championship Auto also argue that there is no evidence that they intended the information provided by their agents to influence Foiles. We disagree. Foiles testified that when an agent informed him about the trailer parking lot and pointed him toward the lot, he expressed concerns that the lot was dark and that he was not certain that his trailer would be safe. Foiles stated that the agent "just kind of waved . . . off [my concerns,] saying, 'It's safe. We have 24-hour security. You don't

need to worry.' " Another agent of Midwest and Championship Auto also told Foiles that the lot had 24-hour security and that he should not worry about it.

In viewing the evidence and making every reasonable inference deducible from the evidence in favor of Foiles, we conclude that the district court was not clearly wrong in finding that Midwest and Championship Auto had knowingly or recklessly made false representations with the intent that Foiles rely upon those representations and that Foiles did in fact rely upon the representations to his detriment.

Since Midwest and Championship Auto have not shown that the district court was clearly wrong in finding in favor of Foiles on the theory of fraudulent misrepresentation, we do not need to consider whether the court was clearly wrong as to the other theories of recovery. The district court's general verdict in favor of Foiles is affirmed.

We next consider Foiles' claim that he is entitled to attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 1995) because Midwest and Championship Auto's appeal is frivolous. An appellate court may award attorney fees on appeal whether or not fees were requested or ordered in the trial court. *First Nat. Bank v. Chadron Energy Corp.*, 236 Neb. 199, 459 N.W.2d 736 (1990). Foiles argues that because it is almost impossible for Midwest and Championship Auto to prevail on appeal, their claim is frivolous.

For purposes of § 25-824(2), "frivolousness" is defined as being "a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position." *U S West Communications v. Taborski*, 253 Neb. 770, 787, 572 N.W.2d 81, 93 (1998). Any doubt whether a legal position is frivolous should be resolved in favor of the one whose legal position is in question. *Surratt v. Watts Trucking*, 249 Neb. 35, 541 N.W.2d 41 (1995). The fact that Midwest and Championship Auto face a difficult standard of review on appeal does not mean that their appeal is frivolous. We find no evidence to suggest that this appeal was frivolous, and we decline to award attorney fees to Foiles on the grounds that the appeal was frivolous.

AFFIRMED.

WHITE, C.J., not participating.