LEE P. CAO AND LOUANN P. CAO, HUSBAND AND WIFE,
APPELLANTS, V. HUAN NGUYEN AND NEGA PHAM,
HUSBAND AND WIFE, APPELLEES.

607 N.W. 2d 528

Filed March 17, 2000. No. S-98-975.

Stephen D. Mossman and Jacqueline M. Schaneman, of Mattson, Ricketts, Davies, Stewart & Calkins, for appellants.

Douglas D. DeLair, of DeLair and DeLair, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Lee P. Cao and Louann P. Cao (buyers) brought this action seeking rescission of a purchase agreement they entered into with Huan Nguyen and Nega Pham (sellers). The buyers alleged that the sellers negligently and fraudulently misrepresented that the property at 2223 R Street in Lincoln, Nebraska, was a duplex and could be rented to two separate families when in fact the property did not conform to the municipal code so as to be rented as a duplex or two-family dwelling. The district court found that the buyers had not proved the elements of fraudulent misrepresentation and dismissed their petition. The buyers timely appealed.

## SCOPE OF REVIEW

In an appeal of an equity action, an appellate court tries factual questions de novo on the record, reaching a conclusion independent of the findings of the trial court. Where credible evidence is in conflict on a material issue of fact, the appellate

court will consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Dillon Tire, Inc. v. Fifer*, 256 Neb. 147, 589 N.W.2d 137 (1999).

## FACTS

In May 1997, the buyers responded to an advertisement for the sale of a duplex and arranged to see the property. The buyers inspected the property on several occasions and observed that the property consisted of two units. The buyers informed the sellers that they intended to rent both units and to operate the property as a two-family dwelling. The sellers had rented both units in the past and at trial acknowledged that when they first purchased the house, it had been divided into two units in which two separate families resided.

The buyers decided to purchase the house, and the initial purchase agreement executed by the parties described the property as a "duplex house." The closing was set for May 29, 1997, and on that date, the parties signed a new purchase agreement which did not describe the property as a duplex.

The buyers subsequently applied for a building permit to make improvements to the property and were informed by the city building and safety department that the property could not be used as a duplex or two-family dwelling because the lot was not sufficiently wide to comply with the municipal code. The buyers then sought rescission of the purchase agreement, claiming that the sellers had fraudulently or negligently misrepresented to them that the property could be rented as a duplex.

After a bench trial, the district court dismissed the action, finding that the buyers had not proved the elements of fraudulent misrepresentation. The court did not address the buyers' claim of negligent misrepresentation or the allegation that the sellers had not provided a copy of the property disclosure statement as required by Neb. Rev. Stat. § 76-2,120 (Reissue 1996).

## ASSIGNMENTS OF ERROR

The buyers claim, summarized and restated, that the district court erred (1) in failing to rule on their claim of negligent misrepresentation, (2) in concluding that the sellers' representations

that the house was a duplex were representations of law and not representations of fact, (3) in finding that their reliance on the sellers' representations was unreasonable, (4) in failing to rescind the purchase agreement, and (5) in failing to find a violation of § 76-2,120.

## ANALYSIS

 We first consider whether the district court's dismissal of the buyers' claim of fraudulent misrepresentation is a final, appealable order. Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue sua sponte. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Dvorak v. Bunge Corp.*, 256 Neb. 341, 590 N.W.2d 682 (1999).

In its memorandum and order of dismissal, the district court found that the sellers had made misrepresentations to the buyers upon which the sellers intended that the buyers rely. However, the court found that the buyers had not acted reasonably in relying upon these misrepresentations because the buyers ignored several warning signs and failed to investigate whether the property could be rented as a duplex or two-family dwelling. The court did not address the theory of negligent misrepresentation. However, since reasonable reliance is an element of both negligent misrepresentation and fraudulent misrepresentation, the dismissal of the buyers' petition for lack of reasonable reliance is a determination as to both theories of recovery, and we conclude that the order of dismissal was a final, appealable order which affected a substantial right and prevented a judgment.

 An action for rescission sounds in equity. *Schuelke v. Wilson*, 255 Neb. 726, 587 N.W.2d 369 (1998). In an appeal of an equity action, an appellate court tries factual questions de novo on the record, reaching a conclusion independent of the findings of the trial court. Where credible evidence is in conflict on a material issue of fact, the appellate court will consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Dillon Tire, Inc. v. Fifer*, 256 Neb. 147, 589

N.W.2d 137 (1999). The party alleging fraud as the basis for rescission must prove all the elements of the fraudulent conduct by clear and convincing evidence. *Schuelke v. Wilson, supra.*

In order to maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintif suffered damage as a result. *Four R Cattle Co. v. Mullins*, 253 Neb. 133, 570 N.W.2d 813 (1997).

In dismissing the buyers' petition, the district court concluded that the sellers' representations that the home was a duplex were representations of law and not representations of fact. The court also concluded that the buyers' reliance upon such representations was not reasonable. The court found that the buyers should have questioned the sellers' assurances that the property could be rented as a duplex because only one unit was actually rented; the purchase price was about half the expected price, given the predicted rentals; and one of the units was in need of repair. The court concluded that ordinary prudence under these circumstances would have required the buyers to contact the city building and safety department. We disagree with both of these conclusions.

The representations made by the sellers were representations of fact, not law. In *Nat. Conv. Corp. v. Cedar Bldg. Corp.*, 23 N.Y.2d 621, 246 N.E.2d 351, 298 N.Y.S.2d 499 (1969), the court stated that the landlord's misrepresentation as to the legality of use of the premises would not, as to the tenant, be treated as an opinion of law and that the tenant might rely upon the representation. In *Homes, Inc. v. Gaither*, 31 N.C. App. 118, 228 S.E.2d 525 (1976), the court held that the use of real property permissible under a zoning ordinance is a statement of fact, and a mutual mistake with respect thereto entitles a party to avoidance of a contract when such fact goes to the essence of the agreement.

Here, the district court incorrectly characterized the misrepresentations as misrepresentations of law. The buyers informed the sellers that they intended to use the house as rental property, and upon inspection, the buyers saw that the property consisted of two separate apartments and had two front doors, two mailboxes, and two gas meters. The buyers were told by the sellers that the house was divided into two units, and the sellers admitted that the house had been rented to two separate families in the past. The statement that the home could be rented to two families is a representation of fact, and not a representation of law.

We next address whether the district court erred in finding that the buyers' reliance upon the sellers' representations that the property could be used as a duplex or two-family dwelling was unreasonable. The court concluded that ordinary prudence would have required the buyers to contact the city building and safety department to ascertain whether the property could be rented as a duplex or two-family dwelling.

Whether a party's reliance upon a misrepresentation was reasonable is a question of fact. *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994). In an appeal of an equity action, an appellate court tries factual questions de novo on the record, reaching a conclusion independent of the findings of the trial court. *Dillon Tire, Inc. v. Fifer*, 256 Neb. 147, 589 N.W.2d 137 (1999). A party is justified in relying upon a representation made to the party as a positive statement of fact when an investigation would be required to ascertain its falsity. *Foiles v. Midwest Street Rod Assn. of Omaha*, 254 Neb. 552, 578 N.W.2d 418 (1998).

The district court's findings suggest it concluded that the buyers' reliance on the representation was unreasonable, since a search of public records would have revealed the falsity of the representations. Standing alone, this fact is insufficient to constitute unreasonable reliance. In *Foxley Cattle Co. v. Bank of Mead*, 196 Neb. 1, 241 N.W.2d 495 (1976), we stated that generally, fraud may be predicated on false representations although the truth could have been ascertained by an examination of public records.

We also conclude that the buyers' reliance was not unreasonable. The problem is not that the property is located in an area

which is not zoned for duplexes, but, instead, that the lot is not sufficiently wide to meet the municipal code requirement for the property to be rented as a duplex or two-family dwelling. An employee of the city building and safety department testified that in the zoning district where the property is located, a lot containing a two-family dwelling must be 50 feet wide. The lot at 2223 R Street is 40 feet wide, and therefore, the property does not comply with the minimum width requirement for a two-family dwelling.

In *Gamble et ux. v. Beahm*, 198 Ore. 537, 257 P.2d 882 (1953), the court found that information regarding the zoning and building code was not furnished by the seller, nor was it open or at hand, and that to obtain this information would have required an investigation of city records and a study and interpretation of the building codes. Therefore, the buyers were allowed to rely upon the representation made by the seller. See, also, *Kannavos v. Annino*, 356 Mass. 42, 247 N.E.2d 708 (1969) (buyers of certain property were entitled to rescind when sellers had converted single-family house to multifamily apartment in violation of building and zoning ordinances of city even though zoning and building ordinances could have been discovered by buyers through diligence).

In *Schuelke v. Wilson*, 250 Neb. 334, 549 N.W.2d 176 (1996), we concluded that the buyer had not acted in an ordinary and prudent manner. The buyer sought rescission of a purchase agreement based on fraud. The buyer had met with the seller to discuss buying a paint and body shop, and various matters were discussed at these meetings, including profitability. The seller represented that the shop generated approximately $400,000 per year in gross sales and produced a profit margin of 25 percent. The seller provided the buyer with documents containing the shop's statement of profit for the years 1986 and 1987. Each statement contained a footnote which stated that the above figures had been adjusted to reflect an owner-operated franchise. Several of the expense figures had been adjusted by the seller to correspond with tax returns for the seller's corporation, and the seller provided the buyer with copies of the tax returns. The adjustments were approximations, and the seller gave the buyer the name and telephone number of the shop's accountant.

The buyer did not make any attempt to verify the numbers, and 1 month after closing, the buyer wrote to the seller, asking that the agreement be rescinded, claiming, among other things, misrepresentation regarding the business' expenses and weekly sales. We found that the buyer was not justified in relying upon the representation set forth in the seller's statements of profit or expenses because the buyer had all the documents necessary to have the expenses reviewed to ascertain their accuracy, but took no action.

Unlike the situation in *Schuelke*, here, the means of discovering the truth were not in the buyers' hands. The buyers were not provided with any information which would have placed them on notice that the home did not meet the municipal code requirement for a two-family dwelling. The sellers informed the buyers that the house had been rented to two families in the past. The physical layout of the property suggested that it was divided into two units. The buyers were told by the sellers that the property had been divided into two units, the advertisement for the property described it as a duplex, and the initial contract signed by the parties described the property as a duplex. Although one unit was not rented at the time of inspection, there was no indication that it could not be rented in the future.

In order to prove the sellers' representations were false, the buyers would have had to contact the city, research the public records, and compare the building code to the actual structure of the home. Therefore, the buyers' reliance was reasonable.

We conclude from our de novo review that the sellers made representations that the property could be used as a two-family dwelling, that such representations were false, and that when such representations were made, they were known to be false or were made recklessly without knowledge of the truth and as positive assertions. We also find that the sellers intended for the buyers to rely upon such representations, the buyers did in fact so rely upon the representations, and the buyers were damaged as a result. Thus, the buyers have proved each of the elements of fraudulent misrepresentation.

Additionally, the buyers claimed that the sellers failed to provide them with a property disclosure statement as required by § 76-2,120. This is a separate cause of action. We note that

the remedies provided for in § 76-2,120 presuppose that the contract is to be enforced. Such relief is inconsistent with seeking to rescind the contract. A party may not plead inconsistent theories of recovery, and a party pleading inconsistent theories of recovery may be required to elect between them. See *Tobin v. Flynn & Larsen Implement Co.*, 220 Neb. 259, 369 N.W.2d 96 (1985).

## CONCLUSION
Since we conclude that the buyers have proved the elements of fraudulent misrepresentation, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.