IRENE CORNETT, APPELLEE AND CROSS-APPELLANT, V.
THE CITY OF OMAHA POLICE AND FIRE
RETIREMENT SYSTEM, APPELLANT
AND CROSS-APPELLEE.

664 N.W.2d 23

Filed June 27, 2003.    No. S-02-984.

Jo A. Cavel, Assistant Omaha City Attorney, for appellant.

Thomas F. Dowd, of Dowd & Dowd, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The City of Omaha Police and Fire Retirement System (Retirement System) appeals from an order of the district court determining that the appellee, Irene Cornett, was entitled to a disability pension. Cornett alleges she suffered a disability while acting in the line of duty with the Omaha Police Department and was entitled to a disability pension. Cornett cross-appeals from the court's denial of her motion for attorney fees under Neb. Rev. Stat. § 25-824(2) (Reissue 1995). We affirm.

## BACKGROUND

Cornett was employed by the Omaha Police Department beginning in 1992. On October 21, 2000, she injured her knee during an 8-hour class entitled "Takedowns and Ground Control for Law Enforcement" that was held at a privately owned health club. The class was taught by off-duty police officers. The police department did not require Cornett to attend the class. Instead, she described the class as "optional training," and she used her own funds to pay a $65 fee to enroll. But Cornett also attended the class on "special duty status." The record, however, does not define the meaning of "special duty status." A workers' compensation document, however, states that Cornett began work on the day of the injury at 8 a.m. A box on the form is checked next to the statement "Full pay for DOI [date of injury]." Another

workers' compensation document describes the injury as an "On Duty Injury."

Cornett injured her knee during the class while attempting a leg sweep maneuver. She went to the hospital and called a sergeant to inform him that she was being treated for an on-duty injury. Because of the injury, she underwent 4 weeks of physical therapy, had surgical reconstruction of her left anterior cruciate ligament, and was restricted to sedentary work duties. In early 2001, she had more physical therapy, which was interrupted by a pregnancy. In October 2001, she again began physical therapy. Cornett received workers' compensation benefits because of the injury.

In April 2002, Cornett again had surgery. One of her physicians stated that he thought she would experience dramatic benefits from the second surgery, but he also stated that the risk of Cornett's susceptibility to reinjure her knee was "definitely permanent." As a result, the physician believed that Cornett would require different permanent work restrictions. Another physician agreed with the restrictions. Cornett requested an available accommodation from the police department to allow her to keep working, but was refused.

Cornett filed for a service-connected disability pension. The Retirement System board of trustees denied the request without explaining its reasoning. She then filed a petition in error in district court seeking review of the board's decision. She also sought attorney fees under § 25-824(2), arguing that the denial of her claim was frivolous. The district court determined that Cornett met her burden of proof establishing that she suffered a permanent work-related injury, disabling in nature, while on duty with the police department. The court concluded that the board's denial of the pension was arbitrary and capricious. The court reversed the board's decision. The court denied the request for attorney fees. The Retirement System appeals. Cornett cross-appeals the denial of her motion for attorney fees.

## ASSIGNMENTS OF ERROR

The Retirement System assigns, rephrased, that the district court erred in determining that the board acted arbitrarily and capriciously and in reversing the denial of the pension. On

cross-appeal, Cornett assigns that the court erred in failing to award her attorney fees.

## STANDARD OF REVIEW

In reviewing the decision of an administrative board on a petition in error, both the district court and the appellate court review the decision of the board to determine whether it acted within its jurisdiction and whether the decision of the board is supported by sufficient relevant evidence. See *Cox v. Civil Serv. Comm. of Douglas Cty.*, 259 Neb. 1013, 614 N.W.2d 273 (2000). The evidence is sufficient, as a matter of law, if an administrative board could reasonably find the facts as it did on the basis of the testimony and exhibits contained in the record before it. See *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997).

## ANALYSIS

The Retirement System contends that Cornett did not sustain permanent injuries while acting in the line of duty. Thus, it argues that the district court erred when it reversed the determination of the board.

Omaha Mun. Code, ch. 22, art. III, § 22-78(a) (1996), provides:

Any member of the system who, while in the line of duty, has sustained or shall sustain injuries or sickness, arising out of the immediate or direct performance or discharge of his/her duty, which immediately or after a lapse of time permanently unfit such annuitant for active duty in his/her department, shall receive a monthly accidental disability pension as long as such annuitant remains unfit for active duty in such member's department . . . .

The board failed to provide any findings of fact or state its reasons for denying Cornett a disability pension. Thus, we are left to speculate about the board's reasoning. Because of the requirements of § 22-78, it appears that the board believed either that Cornett was not injured in the line of duty or that the disability was not permanent. Thus, we discuss both possibilities. In the future—to provide a meaningful appellate review—the board should provide findings of fact and reasoning when denying disability pensions.

The Retirement System argues that Cornett failed to show that she sustained her injury in the line of duty and that it arose out of the immediate or direct performance or discharge of her duty. The Retirement System argues that Cornett did not sustain her injury in the line of duty because the training session was held on private property, she paid for it, and she was not required to attend it. The Retirement System also notes that the record does not define " 'special duty status' " and argues that the district court found that Cornett was not paid for the training. Brief for appellant at 9.

■ We agree that the record does not define the term "special duty status." The record, however, shows that Cornett was paid while attending the training. A workers' compensation form states that she received "Full pay for DOI" and lists the time her shift started. Cornett also received workers' compensation for the injury. In addition, the police department approved Cornett's request to attend the training, which would presumably be of assistance to her job as a police officer. Under these circumstances, when an employee is paid while attending work-related training, we determine that the employee is acting in the line of duty and that any injury which may occur arises out of the immediate or direct performance or discharge of that duty. We conclude that any decision of the board that Cornett was not acting in the line of duty was unreasonable.

The Retirement System next contends that Cornett failed to show that she was permanently unfit for duty. Under § 22-78, a police officer's injury must render him or her permanently unfit for active duty in his or her department. Here, a physician stated that the risk of Cornett's susceptibility to reinjure her knee was permanent and believed she would require a list of permanent work restrictions after her second surgery. When Cornett sought an accommodation from the police department, none was provided and she was unable to continue in her employment. The Retirement System provided no evidence to dispute Cornett's need for work restrictions. Thus, the record supports a conclusion that her disability is permanent and lacks any substantive evidence that it is not. Under these circumstances, it would have been unreasonable for the board to determine that the disability was not permanent.

It would be unreasonable for the board to conclude that Cornett was not permanently disabled from an injury sustained in the line of duty that arose out of the immediate or direct performance or discharge of that duty. The district court was correct when it reversed the board's decision.

Cornett contends on cross-appeal that the district court erred when it failed to award her attorney fees under § 25-824. Section 25-824(2) provides:

> [I]n any civil action commenced or appealed in any court of record in the state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

In the context of § 25-824, a frivolous action is one in which a litigant asserts a legal position wholly without merit, that is, without rational argument based on law and evidence to support the litigant's position. *Schuelke v. Wilson*, 255 Neb. 726, 587 N.W.2d 369 (1998). We have said that the term "frivolous," as used in § 25-824(2), connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Daily v. Board of Ed. of Morrill Cty.*, 256 Neb. 73, 588 N.W.2d 813 (1999). We have also said that any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. *Cox v. Civil Serv. Comm. of Douglas Cty.*, 259 Neb. 1013, 614 N.W.2d 273 (2000).

Here, although we view the board's determination of the facts as unreasonable, we cannot say that the action was taken in bad faith or that the Retirement System's position was so wholly without merit as to be ridiculous. We determine that the district court was correct when it denied Cornett's motion for attorney fees.

## CONCLUSION

We conclude that the district court correctly reversed the decision of the board. We further conclude that the court correctly denied Cornett's motion for attorney fees. Accordingly, we affirm.

AFFIRMED.