**Gary HICKS and Teresa Hicks, Appellants,**

v.

**Thomas O'MEARA; Carolyn A. O'Meara; and Murray J. Tobin, d/b/a Big Sky Motel, Appellees.**

No. 93–3736.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided Aug. 10, 1994.

James D. Leach, Rapid City, SD, argued, for appellants.

Nora K. Kelley, Rapid City, SD, argued, for appellees.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

The plaintiffs, Gary and Teresa Hicks, seek statutory minimum and overtime wages arising out of their work for the defendants, Thomas and Carolyn O'Meara. The District Court granted summary judgment for the O'Mearas on the ground that res judicata barred the Hickses' claim. We disagree and now reverse.

## I.

On April 5, 1991, Teresa Hicks signed a one-year employment contract for herself and her husband to manage Big Sky Motel. Big Sky Motel, located on the road to Mt. Rushmore, is owned by the O'Mearas. The contract required the Hickses to manage the front desk, take reservations, do laundry, maintain the grounds, perform minor repairs, and supervise the housekeeping staff. The Hickses were allowed one day off per week from 7:00 a.m. to 11:00 p.m. and one evening off per week from 6:00 p.m. to 11:00 p.m. In return for the Hickses' performance of these duties, the O'Mearas were to pay the Hickses $250.00 for May and October, $500.00 for June and September, and $550.00 for July and August. Additionally, the contract stated that the manager of the motel was to receive 10% of the proceeds from all bus tours sold, and that the O'Mearas were to provide the Hickses with living quarters and paid utilities for the year. In August of 1991, the O'Mearas fired the Hickses, five months after they had begun working. A year later the Hickses filed a wrongful-termination suit against the O'Mearas in a South Dakota Small Claims Court. In that suit the Hickses sought damages for rent, utilities, lost wages, bus-tour commissions, and attorney's fees; their claimed damages totaled $4,082.00. The time period covered by the prayer for relief was the period between August of 1991, when plaintiffs were fired, and April of 1992, when the one-year contract would have expired. The O'Mearas responded that termination had not been wrongful because the Hickses were repeatedly late, did not supervise the housekeeping staff, and did not maintain the grounds. The court issued a letter decision finding the plaintiffs had not proved their claims and, consequently, denied relief. The plaintiffs did not appeal that decision.

The Hickses then brought this action in the District Court stating three causes of action: (1) defendants failed to pay the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.; (2) the defendants failed to pay plaintiffs time and one-half for overtime work as required by the FLSA; and (3) the defendants failed to pay plaintiffs the minimum wage required by South Dakota Codified Laws 60–11. The plaintiffs sought damages for unpaid minimum and overtime wages, liquidated damages, prejudgment interest, and attorney's fees and costs. The plaintiffs did not challenge their dismissal from employment, nor did they request damages that might have been granted in a wrongful ter-

mination case. Their request for relief was limited to compensation they claimed defendants owed them for the time they actually worked, April to August 1991.

## II.

■ We review the District Court's interpretation of state law *de novo. Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1220–21, 113 L.Ed.2d 190 (1991). We "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Haring v. Prosise,* 462 U.S. 306, 313, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983), quoting *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411–415, 66 L.Ed.2d 308 (1980). "If the state courts would not give preclusive effect to the prior judgment, 'the courts of the United States can accord it no greater efficacy' ..." *Haring,* 462 U.S. at 313 n. 6, 103 S.Ct. at 2373 n. 6, quoting *Union & Planters' Bank v. Memphis,* 189 U.S. 71, 75, 23 S.Ct. 604, 606, 47 L.Ed. 712 (1903). Therefore, the question is whether the South Dakota courts would give preclusive effect to the prior judgment.

■ Res judicata applies only if the second action is brought on the same "cause of action" as the first. *Ruple v. City of Vermillion, South Dakota,* 714 F.2d 860, 861 (8th Cir.1983), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984). Whether causes of action are identical depends on whether the wrong sought to be redressed is the same in both actions. *Matter of Guardianship of Janke,* 500 N.W.2d 207, 209 (S.D. 1993). To make this determination, South Dakota law requires we look to the underlying facts which give rise to each cause of action. *Ibid.*

■ The O'Mearas point out that liability for either a wrongful termination or an FLSA violation depends on what happened while the employee was working for the employer. Therefore, they assert, the underlying facts are the same, and the claims should be treated as identical. This approach is too simplistic and fails to consider all of the underlying facts necessary to prove each separate claim. In a wrongful-termination suit

the core claim is whether the termination was wrongful. To reach a conclusion on wrongfulness the trier of fact must consider whether an employment contract existed and, if it did, whether the termination violated a contractual obligation or violated a clear mandate of public policy. *Niesent v. Homestake Mining Co.,* 505 N.W.2d 781, 782–83 (S.D.1993). By contrast, the key facts in a minimum-wage and overtime case are the number of hours worked and the amount of wages paid. The alleged wrong the Hickses sought to address in the Small Claims Court was their dismissal; the claim for relief in this case is that they were not paid enough during the time they worked. The two claims are supported by different underlying facts; they involve different wrongs and different evidence. It may be true, as defendants argue, that the plaintiffs did not work the hours required by the contract, and that this is why the state court held that their termination was justified. This general conclusion of less than complete performance does not mean, though, that plaintiffs did no work at all, or that they have been paid all that the law requires for the time they did work. We hold that the two causes of action, though arguably related, are not the same.

■ Furthermore, even when there is an identity of claims res judicata will not preclude the second suit if a claim could not have been fully and fairly adjudicated in the prior case. See *Black Hills Jewelry Mfg. v. Felco Jewel Ind., Inc.,* 336 N.W.2d 153, 157 (S.D.1983). The Hickses brought the wrongful-termination suit in small claims court before a law-trained magistrate. At the time of their first suit, the magistrate courts had concurrent jurisdiction with the circuit courts to try and determine "all civil actions where the debt, damage, claim, or value of the property involved [did] not exceed two thousand dollars." S.D. Codified Laws Ann. § 16–12A–24 (1992). The plaintiffs allege, however, that the amount at issue in the second case, without considering overtime, is in excess of $13,000, far beyond the jurisdiction of the small claims court. For this additional reason, res judicata cannot bar this federal suit.

For these reasons, we reverse the grant of summary judgment and remand for further proceedings.