**GRAND LABORATORIES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV 93–4051.**

United States District Court, D. South Dakota, Southern Division.

March 28, 1995.

See also 10 F.3d 584.

George T. Qualley, Qualley & Associates, Sioux City, IA, for plaintiff.

John J. Ulrich, U.S. Attorney's Office, Sioux Falls, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Plaintiff sues defendant under the Federal Tort Claims Act (FTCA) for negligence, negligent supervision of agents, malicious prosecution, and abuse of process. Defendant moves to dismiss or, alternatively, for summary judgment, asserting that this suit is barred by the doctrine of res judicata, that this suit is barred by the discretionary function exception, 28 U.S.C. § 2680(a), and that Counts III and IV are barred by the law

enforcement exception, 28 U.S.C. § 2680(h). Plaintiff moves for summary judgment in its favor on the merits on Counts I and II. Because the Court concludes that the discretionary function exception bars this suit, the Court grants defendant's motion to dismiss and denies plaintiff's motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

The underlying facts of this case were the subject of a previous action brought by plaintiff against the United States Department of Agriculture (USDA). *Grand Laboratories, Inc. v. United States Department of Agriculture*, 10 F.3d 584 (8th Cir.1993). Plaintiff is a South Dakota corporation engaged in the manufacture of veterinary biological products. In 1985, Congress amended the Virus–Serum–Toxin Act, 21 U.S.C. §§ 151–158, to require that veterinary biological products sold intrastate must be manufactured under a license issued by the USDA. The amendments provided that the new licensing requirements would not take effect for four years and that the Secretary of Agriculture could grant an extension for a fifth year to a company showing "good cause and a good faith effort" to obtain the necessary license. In January 1987, plaintiff received the four year exemption for 154 products in various midwestern states. In December 1989, plaintiff received the additional fifth year exemption for 33 of its products.

In November 1990, when the fifth year extension was about to expire, the USDA published an interim rule providing that unlicensed products manufactured before January 1, 1991, could be shipped until June 30, 1991, provided the Secretary determined there was a reasonable expectation that licensure would be completed by June 30, 1991. The interim rule was later adopted in a final regulation. 9 C.F.R. § 114.2(d)(6). Plaintiff received the additional six month shipment exemption for 16 of its products. "In adopting the final rule, the Secretary expressly rejected requests from Grand Labs and others 'that products not authorized for shipment be allowed to be distributed through routine distribution channels for [an additional] six months or until such products had cleared distribution channels.' 56 Fed. Reg. 7785, 7786 (1991)." *Grand Laboratories, Inc.*, 10 F.3d at 586.

In June 1991, USDA agents told certain of plaintiff's distributors that the unlicensed products they received from plaintiff prior to June 30, 1991, could not be sold or shipped after June 30, 1991. The agents told the customers that veterinarians could continue to use the products in regular practice, but otherwise, the products had to be held without sale, destroyed, or shipped back to plaintiff. After some of the customers returned the products to plaintiff for refunds, plaintiff commenced an action in the District of Nebraska against the USDA challenging the agency's interpretation of the applicable statutes and regulations. On September 30, 1992, the district court held that the agency's ban on shipments of unlicensed products by the distributors after June 30, 1991, was a reasonable interpretation of the 1985 amendments, and granted defendant's motion for summary judgment. (Doc. 1, Ex. C. at 9–10.) The Eighth Circuit affirmed the decision. *Grand Laboratories, Inc.*, 10 F.3d at 587. On April 1, 1993, following the Nebraska district court's decision, but while the appeal was pending, plaintiff filed this FTCA action in the District of South Dakota seeking $250,000 in damages from defendant for the June 1991 actions of the USDA agents.

## II. DISCUSSION

Under the FTCA, the United States is liable for tort claims in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. Thus, a district court must look to state law for applicable standards. *Livingston v. United States*, 627 F.2d 165, 166 n. 1 (8th Cir.1980), *cert. denied*, 450 U.S. 914, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981).

█ Defendant first argues that this suit is barred by the doctrine of res judicata because the action arises out of the same subject matter litigated in *Grand Laboratories, Inc.*, 10 F.3d at 587. Plaintiff argues that res judicata does not apply because the prior case was a "declaratory judgment action to construe the Virus Serum Toxin Act

and the regulations promulgated thereunder," while this case is one for damages for "conduct involved in the implementation" of the statutory amendments and regulations. Plaintiff also argues that the claims asserted here could not have been raised in the previous suit because plaintiff had not administratively exhausted its claim with the USDA as required by 28 U.S.C. § 2675(a), and the Nebraska district court would have lacked subject matter jurisdiction. Plaintiff further argues that there are genuine issues of material fact as to what the USDA agents said to plaintiff's customers about use of plaintiff's products after June 30, 1991, and whether the agents' actions constituted a detention, seizure, or destruction of the products that did not comport with the statutes and regulations. (Doc. 28, Plaintiff's Resistance at 3.)

■ The doctrine of res judicata serves to prevent the relitigation of an issue actually decided or which could have been properly raised and decided in a prior action. *Matter of Guardianship of Janke*, 500 N.W.2d 207, 209 (S.D.1993). The Court must apply four factors: (1) whether the issue decided in the prior case is identical to the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties in the two actions are the same or in privity; and (4) whether there was a full and fair opportunity to litigate the issues in the prior case. *Id.* The parties do not dispute that factors (2) and (3) are satisfied.

■ "Res judicata applies only if the second action is brought on the same 'cause of action' as the first." *Hicks v. O'Meara*, 31 F.3d 744, 746 (8th Cir.1994) (citation omitted). Whether causes of action are identical depends upon whether the wrong sought to be redressed is the same in both actions. *Id.* (citing *Matter of Guardianship of Janke*, 500 N.W.2d at 209). To make this determination, South Dakota law requires the Court to look to the underlying facts which give rise to each cause of action. *Id.* The Court determines that this first factor is met because the same nucleus of operative fact underlies both actions. *See Ruple v. City of Vermillion*, 714 F.2d 860, 861 (8th Cir.1983), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984). Plaintiff seeks different types of relief in the two suits, but in each case, plaintiff seeks redress for the conduct of USDA agents that resulted in loss.

The Court finds, however, that the fourth factor is not met, as plaintiff did not have a full and fair opportunity to litigate its FTCA claims in the prior action. On January 13, 1992, plaintiff began the administrative claim process that is a prerequisite to an FTCA suit for damages, and the USDA did not notify plaintiff of the agency's denial of the claim until October 2, 1992, shortly after the Nebraska district court rendered its decision on September 30, 1992. (Complaint Ex. A.) Thus, the Court finds that this action is not barred by res judicata.

Defendant next argues that this suit is barred by the discretionary function exception. This exception to the waiver of sovereign immunity prohibits suits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

■ The Court must apply a two-part test to determine whether this exception applies. First, the conduct at issue must "involve[ ] an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988). "Agency decisions exercising delegated authority from Congress to establish programs and policies in implementing the general provisions of a regulatory statute, for example, involve one type of judgment that the exception protects." *C.R.S. v. United States*, 11 F.3d 791, 795 (8th Cir.1993) (citing *United States v. Gaubert*, 499 U.S. 315, 323–24, 111 S.Ct. 1267, 1274, 113 L.Ed.2d 335 (1991)). "Decisions made at the operational level, as well as decisions made at the policy-planning level, can involve the exercise of protected discretion." *Id.* (citing *Gaubert*, at 325–26, 111 S.Ct. at 1275.) The fact that determinations are made at a relatively low level does not prohibit the application of the exception. *Id.* "Judgment or choice does not exist 'when a federal statute, regulation, or policy specifically prescribes a course of action for an

employee to follow' because then 'the employee has no rightful option but to adhere to the directive.'" *Id.* at 796 (quoting *Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1958–59); *Kirchmann v. United States,* 8 F.3d 1273, 1276 (8th Cir.1993).

The second requirement is that the judgment at issue must be "of the kind that the discretionary function exception was designed to shield." *Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1958–59. The exception protects only those judgments grounded in social, economic, and political policy because the exception's purpose is to prevent judicial second-guessing of government decisions based on public policy considerations. *C.R.S.,* 11 F.3d at 796. The focus is on the nature of the actions taken and whether they are susceptible to policy analysis. *Id.*

Plaintiff admits in its complaint that "[w]hen contacting Grand Labs' purchasers and instructing them to destroy the products themselves, surrender the products to the investigators, or return the products to Grand Labs for destruction, the USDA investigators were performing their functions in enforcing and executing the statutes and regulations governing the sale and shipment of such products." Complaint at ¶ 24. Plaintiff alleges, however, that "[t]he actions of the USDA investigators were not discretionary. The duties of the USDA investigators, regarding the enforcement of the relevant statutory provisions and the procedures to be followed, are prescribed by federal statutes, regulations, and policies." Complaint at ¶ 25. Plaintiff takes the position that, because specific enforcement procedures are set out in federal regulations, *see* 9 C.F.R. § 115.1–.2; 9 C.F.R. § 118.1–.4, the failure of USDA investigators to follow these procedures necessarily results in the classification of their actions as being non-discretionary in nature.

As defendant argues, however, the import of the previous case decided between these parties is that "USDA's actions reflect a permissible interpretation of the Act and [were] not arbitrary and capricious." *Grand Laboratories, Inc.,* 10 F.3d at 585. Inherent in this holding is the conclusion that USDA investigators did not violate the applicable statutes and regulations. In rejecting plain-

tiff's arguments that the actions of USDA investigators frustrated the congressional purposes of alleviating financial hardship on intrastate manufacturers and avoiding abrupt removal of intrastate products from the market, the Eighth Circuit stated that, "[i]f anything, USDA erred on the side of leniency in allowing the shipments of intrastate products manufactured within the five year grace period for six additional months. The agency certainly did not violate its statutory mandate in enforcing [21 U.S.C.] § 151 in accordance with its terms after June 30, 1991." *Id.* at 586 (footnote omitted). Clearly, the Eighth Circuit recognized, as does this Court, that the actions of the USDA investigators involved an element of judgment or choice in enforcing the statutory and regulatory scheme. *See Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1958. Moreover, the Court finds that the judgments at issue were "of the kind that the discretionary function exception was designed to shield[,]" even though the judgments were made at the operational level. *Id.,* 486 U.S. at 536, 108 S.Ct. at 1958–59. Protection of the public from unlicensed veterinary biological products is grounded in social, economic, and political policy. *See C.R.S.,* 11 F.3d at 796. For this reason, the Court will dismiss the suit as barred by the discretionary function exception.

The Court need not reach the issue whether USDA investigator Larry K. Neustel was an "investigative or law enforcement officer" within the meaning of section 2680(h). *See Gray v. Bell,* 712 F.2d 490, 508 (D.C.Cir. 1983). On the facts of this case, however, the Court would be inclined to find that Neustel is an "investigator or law enforcement officer" as contemplated by section 2680(h). Thus,

IT IS ORDERED that defendant's motion to dismiss the action as barred by the discretionary function exception is granted (Doc. 20).

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment (Doc. 30) is denied.

IT IS FURTHER ORDERED that defendant's motion for leave to file a late response

to plaintiff's request for admissions (Doc. 32) is denied as moot.

## JUDGMENT

In accordance with the Court's Memorandum Opinion and Order filed this date with the Clerk, defendant's motion to dismiss is granted and plaintiff's cross-motion for summary judgment is denied, and

IT IS HEREBY ORDERED that judgment shall be entered for defendant and against plaintiff with prejudice.