cause these acts are integral parts of criminal judicial process), *cert. denied,* 508 U.S. 974, 113 S.Ct. 2966, 125 L.Ed.2d 666 (1993).

Turning to Mr. Stanton's other arguments on appeal, we find no error in the district court's dismissal of the complaint without granting leave to amend: nothing in the record suggests Mr. Stanton ever attempted to amend it. Contrary to his suggestion, no claim for an accounting appeared in his complaint, nor was any state law claim clearly alleged. *See Smith v. St. Bernards Reg'l Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994) (Fed.R.Civ.P. 8(a)(2) requires complaint include short and plain statement of claim that gives fair notice of plaintiff's claim and grounds for relief). Finally, we conclude dismissal with prejudice was proper. *See Wright v. Anthony,* 733 F.2d 575, 577 (8th Cir.1984).

Accordingly, we affirm.

---

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

PER CURIAM.

Vishnue L. Jennings appeals the district court's adverse grant of summary judgment in Jennings's employment discrimination action. After de novo review of the record and a thorough review of the parties' submissions, *see LaCroix v. Sears, Roebuck, & Co.,* 240 F.3d 688, 690 (8th Cir.2001) (standard of review), we conclude summary judgment for defendants was appropriate. Accordingly, we affirm for the reasons stated in the district court's opinion. *See* 8th Cir. R. 47B.

---

**Vishnue L. JENNINGS, Appellant,**

v.

**KELLOGG USA, INC.; American Federation of Grain Millers, Local # 50, Appellees.**

No. 00–2779.

United States Court of Appeals, Eighth Circuit.

Submitted June 7, 2001.

Decided June 12, 2001.

---

**Linda HALVORSON, on behalf of Mark Halvorson, Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security,[1] Appellee.**

No. 00–3692.

United States Court of Appeals, Eighth Circuit.

Submitted June 7, 2001.

Decided June 12, 2001.

---

1. Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).