Vishnue L. JENNINGS, Plaintiff,

v.

**KELLOGG COMPANY, et al., Defendants.**

**No. 8:02CV565.**

United States District Court, D. Nebraska.

July 31, 2003.

Christopher E. Hoyme, Berens, Tate Law Firm, Maynard H. Weinberg, Weinberg, Weinberg Law Firm, Omaha, NE, for defendants.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on the following matters: (1) filing no. 13, the Motion for Summary Judgment filed by defendant-Bakery, Confectionery, Tobacco Workers and Grain Millers Union, Local 50 G ("the union"); (2) filing no. 17, the Motion for Summary Judgment filed by defendant-Kellogg Company ("Kellogg"); (3) filing no. 63, the Motion for Rule 11 Sanctions filed by Kellogg; (4) filing no. 70, the Motion for Rule 11 Sanctions filed by the union; (5) filing no. 79, the Motion for Rule 11 Sanctions filed by the plaintiff,

Vishnue L. Jennings; and (6) filing no. 90, the Appeal from Magistrate Judge's Order filed by the plaintiff. As a preliminary matter, filing nos. 63, 70, and 79, the parties' motions for sanctions, are denied. In addition, I find no error in the decision by Magistrate Judge F.A. Gossett which the plaintiff appeals in filing no. 90.

The plaintiff is a woman of African–American descent who has worked for Kellogg for over 20 years. In the above-entitled case, the plaintiff asserts that after Kellogg transferred her and other employees from Memphis to Omaha, the transferred workers encountered hostility at Kellogg's Omaha facility. The plaintiff further alleges that she became a member of union Local 50G on February 16, 1996; that Kellogg suspended her on October 14, 1996, on fraudulent charges of sabotage which allegedly occurred on September 29 or 30, 1996; that Kellogg fired her on October 15, 1996; and that the union failed to investigate, denied her grievance on October 16, 1997, and failed to represent her fairly and competently at a subsequent arbitration proceeding. According to the plaintiff, the "mock arbitration" occurred in August 1997, at which a white male human resource manager at Kellogg made false accusations of sabotage against the plaintiff and lied to the arbitrator concerning alleged statements by an eye witness, Joyce Platt, a white female employee of Kellogg.

The arbitrators rendered a decision in November 1997, granting the plaintiff reinstatement but denying back pay. The plaintiff alleges that the defendants discriminated against her because of her race and that they failed to inform her of her right to appeal the arbitrators' decision. The plaintiff characterizes her claims as breach of fiduciary duty, breach of contract, fraud and negligence by the defendants.

The defendants allege that the plaintiff's claims are barred by res judicata, i.e., claim preclusion, on the basis of a previous final judgment in Case No. 8:98CV423, 2000 WL 766721 (D.Neb. May 18, 2000). "Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were **or could have been raised** in that action.'" *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (emphasis added).

When, as in Case No. 8:98CV423, 2000 WL 766721, a federal court issued the relevant prior judgment, federal law governs whether res judicata bars subsequent litigation. *Canady v. Allstate Insurance Co.,* 282 F.3d 1005, 1014 (8th Cir.2002). "In applying the Eighth Circuit test for whether the doctrine of res judicata bars litigation of a claim, we examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." *Id., citing Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041, 1044 n. 2 (8th Cir.1997) ("Under federal law, the doctrine of res judicata bars litigation of a claim if: '(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases'"), *cert. denied,* 522 U.S. 1090, 118 S.Ct. 881, 139 L.Ed.2d 870 (1998).

In Case No. 8:98CV423, 2000 WL 766721, the plaintiff sued Kellogg and the union pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), claiming discrimination based on her race, color and gender. In the complaint, the plaintiff alleged that she

encountered hostility when she and other employees of Kellogg transferred to the Omaha Kellogg facility; that Kellogg suspended and discharged her based on the testimony of a white female and white male regarding sabotage which allegedly occurred on September 29, 1996; and that the union refused to investigate and neglected to represent her fairly and competently.

In my Memorandum and Order (filing no. 211) and Judgment (filing no. 212) in Case No. 8:98CV423, 2000 WL 766721, I denied the plaintiff's motion for summary judgment and granted the defendants' motions for summary judgment. I found no evidence on which a jury could have held that Kellogg's asserted reason for firing the plaintiff, i.e., the company's policy of "zero tolerance" for sabotage of company property or products, was a pretext for intentional discrimination against the plaintiff.

I also held that the plaintiff's claim against the union for breach of the duty of fair representation was barred by the applicable six-month statute of limitations. In addition, insofar as the plaintiff alleged that the union breached its duty of fair representation because of racial animus, in violation of Title VII, the record contained no evidence of arbitrary, discriminatory or bad faith representation or discriminatory animus by the union. Accordingly, I entered judgment in favor of Kellogg and the union. The Eighth Circuit Court of Appeals affirmed my decision in *Jennings v. Kellogg USA, Inc.,* 13 Fed.Appx. 442, 2001 WL 641560 (8th Cir.2001), *cert. denied,* 534 U.S. 1134, 122 S.Ct. 1077, 151 L.Ed.2d 978 (2002).

■ Applying the Eighth Circuit's test for res judicata, it is clear (1) that the judgment in Case No. 8:98CV423, 2000 WL 766721 was rendered by a court of competent jurisdiction; (2) that the judgment in Case No. 8:98CV423, 2000 WL 766721 was a final judgment on the merits; and (3) that both Case No. 8:98CV423, 2000 WL 766721 and the above-entitled case involved the same parties. Therefore, the only remaining issue is whether the two cases involved the same cause of action. "Whether causes of action are identical depends on whether the wrong sought to be redressed is the same in both actions." *Hicks v. O'Meara,* 31 F.3d 744, 746 (8th Cir.1994) (the plaintiffs' minimum-wage and overtime claims under the Fair Labor Standards Act did not constitute the same cause of action as the plaintiffs' prior claim of wrongful termination because the two lawsuits involved different underlying facts, different wrongs and different evidence).

■ As to Kellogg, both cases allege wrongful discharge. "In a wrongful-termination suit the core claim is whether the termination was wrongful. To reach a conclusion on wrongfulness the trier of fact must consider whether an employment contract existed and, if it did, whether the termination violated a contractual obligation or violated a clear mandate of public policy." *Hicks v. O'Meara,* 31 F.3d at 746. In Case No. 8:98CV423, 2000 WL 766721, the plaintiff proceeded on the theory that her termination was wrongful because Kellogg violated a federal anti-discrimination law. In the present case, the plaintiff again alleges that the same termination was wrongful, this time because the discharge was based on fraud and constituted a breach of contract. In the plaintiff's Final Brief received on July 30, 2003, she emphasizes that her legal theory in the present case, i.e., fraud, differs from her legal theory in the former case, i.e., employment discrimination. Nevertheless, the basic "wrong" is the same, i.e., wrongful discharge.

As to the union, both cases allege failure by the union to represent the plaintiff

fairly and competently and to protect her rights. Whether characterized as negligence, fraud, or breach of fiduciary duty, the alleged wrong is the same, i.e., the union allegedly failed to provide the plaintiff with the representation to which she was entitled as a union member. Only the reason has changed. In the former case, the plaintiff attributed the union's inadequate representation to racial or other discriminatory animus; while in the present case, she attributes the union's conduct to fraud and negligence.

I conclude that the legal theories asserted in the above-entitled case, i.e., breach of fiduciary duty, breach of contract, fraud and negligence could potentially have been asserted in Case No. 8:98CV423, 2000 WL 766721 as claims under this court's supplemental jurisdiction. The doctrine of res judicata prohibits the "splitting of a cause of action," that is, bringing claims for redress of a single wrong in different lawsuits at different times, notwithstanding that the several suits may be based on different legal theories. See generally 1 Am.Jur.2d Actions § 110 (May 2003). A judgment bars relitigation of the same controversy, and two lawsuits constitute a single cause of action if they arise out of the same transaction and a single nucleus or core of facts. 46 Am.Jur.2d Judgments § 530 (May 2003).

In light of the foregoing principles, the plaintiff's complaint and this action will be dismissed as the plaintiff's claims are barred on the basis of res judicata.

THEREFORE, IT IS ORDERED:

1. That filing nos. 13 and 17, the defendants' Motions for Summary Judgment, are granted;

2. That filing nos. 63, 70, and 79, the parties' Motions for Rule 11 Sanctions, are denied;

3. That filing no. 90, the plaintiff's Appeal from Magistrate Judge's Order, is denied;

4. That the plaintiff's complaint and this action are dismissed with prejudice; and

5. That pursuant to Fed.R.Civ.P. 58, a separate Judgment will be entered in accordance with this Memorandum and Order.

## JUDGMENT

Pursuant to the Memorandum and Order entered on this date,

IT IS ORDERED, ADJUDGED and DECREED:

1. That this action and the plaintiff's complaint are dismissed with prejudice; and

2. That each party shall bear that party's own costs and attorney's fees.