DOLF R. ICHTERTZ, M.D., APPELLANT, V.
ORTHOPAEDIC SPECIALISTS OF NEBRASKA, P.C.,
AND GORDON D. BAINBRIDGE, M.D., APPELLEES.
730 N.W.2d 798

Filed April 26, 2007.    No. S-05-1000.

Ronald S. Depue, of Shamberg, Wolf, McDermott & Depue, and Raymond E. Walden, of Walden Law Office, for appellant.

Daniel E. Klaus and Kristin Schroeder Simpson, of Rembolt Ludtke, L.L.P., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Gordon D. Bainbridge, M.D., was the sole shareholder of Orthopaedic Specialists of Nebraska, P.C. (the corporation). In a previous action, Dolf R. Ichtertz, M.D., a former employee, sued Bainbridge and the corporation. Bainbridge was dismissed from the previous action, but Ichtertz obtained a judgment against the corporation in the amount of $633,867. In the present action, Ichtertz sought to pierce the corporate veil in order to collect his judgment from Bainbridge. He alleged that Bainbridge caused the corporation to lack sufficient funds to pay the judgment. Bainbridge moved to dismiss the action because the complaint failed to state a claim upon which relief could be granted. See Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003). The motion was sustained, and Ichtertz appeals.

## SCOPE OF REVIEW

An appellate court reviews de novo a lower court's dismissal of a complaint for failure to state a claim. *Doe v. Omaha Pub. Sch. Dist., ante* p. 79, 727 N.W.2d 447 (2007). Dismissal under rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Doe, supra.*

## FACTS

### PREVIOUS ACTION

Ichtertz and Bainbridge were licensed medical doctors who specialized in orthopedic surgery. Beginning in January 1997, Ichtertz was employed by the corporation. He was guaranteed a minimum monthly salary based on a contract with the corporation and a local hospital. The agreement expired in December 1997. Ichtertz, the corporation, and Bainbridge subsequently entered into an oral contract regarding division of the income and expenses of the corporation. Ichtertz left the corporation on September 30, 1998.

In December 1998, Ichtertz sued Bainbridge and the corporation for breach of contract. At trial, Ichtertz testified that he had orally agreed to join Bainbridge's medical practice in December

1996. He said the parties agreed that Ichtertz would be paid on the basis of his production minus his expenses, which would include a certain percentage of Bainbridge's overhead.

At the close of Ichtertz' evidence, Bainbridge moved for a directed verdict as to his personal liability on the basis that Ichtertz had failed to prove an oral contract that would entitle him to bonuses, deferred income, or accounts receivable. The trial court sustained the motion, and Bainbridge was dismissed from the suit. At the end of the trial, a jury returned a verdict against the corporation for $633,867, and judgment was entered against the corporation on March 12, 2004.

## CURRENT ACTION

On February 22, 2005, Ichtertz commenced the current action against Bainbridge and the corporation (hereinafter collectively the defendants), claiming that the corporation had failed to pay the judgment and that Bainbridge, as sole shareholder and officer of the corporation, controlled the actions of the corporation. Ichtertz asked that the corporate entity be disregarded, the corporate veil be pierced, and Bainbridge be held personally liable for the judgment.

Ichtertz alleged that (1) the corporation was grossly and inadequately capitalized; (2) Bainbridge, as shareholder and director, had diverted corporate funds or assets to his own improper use; (3) the corporation was a sham and a facade for Bainbridge's personal dealings, and the operations of the corporation were carried out by Bainbridge in disregard of the corporate entity; (4) Bainbridge withdrew assets from the corporation without leaving sufficient assets for the corporation to pay its debts, including the judgment owed to Ichtertz; and (6) the corporate entity should be disregarded to prevent fraud or injustice to Ichtertz.

The defendants moved to dismiss pursuant to rule 12(b)(6). The motion alleged that the complaint failed to state a claim upon which relief could be granted. There were no other allegations upon which the motion was based. At a hearing on the motion, the defendants offered, and the court received, certain evidence from the previous case: excerpts from the trial testimony and argument made during the course of the previous trial, the third amended petition from the previous action, and excerpts from the deposition of Ichtertz taken in the previous action. The

defendants argued to the district court that the request to pierce the corporate veil was barred by an order in the previous action which granted a directed verdict for Bainbridge personally and dismissed him from that action.

In its order sustaining the defendants' motion to dismiss, the district court found that Ichtertz had filed an earlier lawsuit against the defendants in the district court for Hall County. At the close of Ichtertz' evidence in the previous action, the court had sustained a motion for directed verdict which dismissed Bainbridge individually from the suit. The jury subsequently returned a verdict against the corporation for $633,867.

The district court noted that in the present case, Ichtertz claimed the corporate veil should be pierced and Bainbridge should be held personally liable for the judgment rendered in the previous case. In the current action, the court concluded that there was insufficient evidence in the previous case to hold Bainbridge personally liable for any claims by Ichtertz and that the claims in the current action were identical to those on which a jury had rendered judgment. Relying on the doctrine of res judicata, the court sustained the defendants' motion to dismiss. Ichtertz appealed.

## ASSIGNMENTS OF ERROR

Ichtertz assigns the following errors: The district court erred (1) in converting the motion to dismiss into a motion for summary judgment by relying on matters outside the pleadings and (2) in sustaining the motion to dismiss on the basis of res judicata.

## ANALYSIS

■■■ An appellate court reviews de novo a lower court's dismissal of a complaint for failure to state a claim. *Doe v. Omaha Pub. Sch. Dist., ante* p. 79, 727 N.W.2d 447 (2007). Because a rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *Doe, supra.* Dismissal under rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Doe, supra.* When analyzing a lower court's

dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Id.*

We first consider Ichtertz' claim that the district court erred in converting the motion to dismiss into a motion for summary judgment by relying on matters outside the pleadings.

Rule 12(b) provides that when matters outside the pleadings are presented by the parties and accepted by the trial court with respect to a motion to dismiss under rule 12(b)(6), the motion "shall be treated" as a motion for summary judgment as provided in Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 1995 & Cum. Supp. 2006) and the parties shall be given reasonable opportunity to present all pertinent material. *Doe, supra.* In the case at bar, the defendants offered in evidence and the district court received three items from the first trial: a portion of the transcript of the proceedings, the third amended petition, and portions of Ichtertz' deposition.

Under our current notice pleading rules, by receiving and considering matters outside the pleadings, the district court converted the motion to dismiss into a motion for summary judgment. Our rules concerning pleadings in civil actions are modeled after the Federal Rules of Civil Procedure, and we look to federal decisions for guidance. See *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). The principle recognized by federal courts is that when a court receives evidence which converts a motion to dismiss into a motion for summary judgment, it is important for the trial court to " 'give the parties notice of the changed status of the motion and a "reasonable opportunity to present all material made pertinent to such a motion." ' " See *Doe, ante* at 83, 727 N.W.2d at 452-53, quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. 2004). See, e.g., *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001 (8th Cir. 2000).

Federal courts have also noted that when a motion to dismiss is converted to a motion for summary judgment, reversal of the "ruling may become necessary if the district court has not provided the adversely affected party with notice and an opportunity to respond." *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996). "The primary vice of unexpected conversion to

summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context." *Portland Retail, etc. v. Kaiser Foundation, etc.*, 662 F.2d 641, 645 (9th Cir. 1981).

The record shows that the parties appeared for a hearing on the motion to dismiss. The defendants offered into evidence the above-described exhibits. Ichtertz raised no objection to the offer. The district court then asked Ichtertz if he had any evidence in opposition to the motion to dismiss. Ichtertz did not, and the parties were given time to submit briefs on the motion. Ichtertz now claims the court erred in converting the motion to dismiss into a motion for summary judgment by receiving evidence outside the pleadings. Ichtertz was given an opportunity to present evidence and did not do so. We cannot determine from the record before us whether Ichtertz raised before the lower court the issue of conversion of the motion to dismiss into a motion for summary judgment. However, whether the court erred in its procedure regarding the motion to dismiss is not decisive of the matter, and we decline to resolve the cause on that basis.

We now consider Ichtertz' claim that the district court erred in sustaining the motion to dismiss on the basis of res judicata. The court found that the claims in the current action were identical to the claims upon which the jury rendered judgment in the previous action. The court held that the judgment in the previous action between the same parties was final as to every issue which could have been decided in that action.

The applicability of the doctrine of res judicata is a question of law. See *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005). On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

The doctrine of res judicata, or claim preclusion, bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Id.* The doctrine bars relitigation

not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id.*

In his complaint in the current action, Ichtertz sought to have Bainbridge held personally liable for the judgment awarded in the previous action. Ichtertz made a number of allegations related to the business of the corporation. For example, Ichtertz alleged that Bainbridge had withdrawn assets from the corporation without leaving sufficient assets for the corporation to pay its debt to Ichtertz. Whether Bainbridge withdrew assets from the corporation after the judgment was entered against it was a fact which was not answered by the record before us.

■ Res judicata does not apply "when there has been an intervening change in facts or circumstances." *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 102, 555 N.W.2d 39, 45 (1996). In the case at bar, it was alleged that there had been a change in circumstances brought about by the corporation's failure to pay the judgment entered against it. Ichtertz alleged that the corporation was inadequately capitalized, that Bainbridge had diverted corporate funds to his own improper use, and that Bainbridge withdrew assets from the corporation without leaving sufficient assets for the corporation to pay its debt to Ichtertz. The previous action did not address any of these issues which, if proved, would show a change in circumstances that occurred after the judgment was awarded.

The U.S. Court of Appeals for the Second Circuit addressed a res judicata question in *Maharaj v. Bankamerica Corp.*, 128 F.3d 94 (2d Cir. 1997), in which a former corporate officer and shareholder was awarded a judgment in a cause of action for breach of employment. In a second action, he alleged three individual causes of action: failure to give notice of dissolution, conversion, and breach of the stockholders' agreement. He filed two derivative causes of action on behalf of another corporation: demand for an accounting and breach of fiduciary duty. The appellate court stated:

> In determining whether a second suit is barred by [res judicata], the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive. . . . Rather, the first judgment will preclude a second suit

only when it involves the same "transaction" or connected series of transactions as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on facts that were also present in the first. . . .

Thus, as a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play.

*Id.* at 97 (citations omitted).

Applying South Dakota law, the U.S. Court of Appeals for the Eighth Circuit held that even where there is identity of claims, res judicata will not preclude a second suit if a claim could not have been fully and fairly adjudicated in the prior case. *Hicks v. O'Meara*, 31 F.3d 744 (8th Cir. 1994). In *Hicks*, the plaintiffs first filed a claim for wrongful termination. In the second action, they sought recovery based on unpaid minimum and overtime wages. The court stated, "Whether causes of action are identical depends on whether the wrong sought to be redressed is the same in both actions." *Id.* at 746.

In *Labelle Processing Co. v. Swarrow*, 72 F.3d 308 (3d Cir. 1995), the U.S. Court of Appeals for the Third Circuit found that res judicata did not bar a second claim even if the same parties were involved. Although new factual allegations attempting to support a previously denied claim do not create a new cause of action, "new facts (i.e., events occurring after the events giving rise to the earlier claim) may give rise to a new claim, which is not precluded by the earlier judgment." *Id.* at 314.

In the case at bar, Ichtertz' previous action sought recovery from Bainbridge and the corporation for breach of contract, after termination of an agreement between Ichtertz and Bainbridge related to a medical practice. Bainbridge was dismissed from the action by a directed verdict. The jury found in Ichtertz' favor against the corporation, and a judgment of $633,867 was entered against the corporation. When the judgment was not paid, Ichtertz filed the current action, seeking to pierce the corporate veil. Ichtertz' complaint alleged that assets had been withdrawn from the corporation without leaving sufficient assets to pay its debts. Although the record was not fully developed at the time

of the hearing on the motion to dismiss in the current action, the complaint alleged there were intervening facts or circumstances which arose in the period following the previous action.

The district court erred in concluding that the claims in the current action were identical to those in the previous action. When the judgment against the corporation was not paid, Ichtertz sought to collect from Bainbridge. There is nothing in the record to suggest that Ichtertz knew in the previous action that it would be necessary to pierce the corporate veil in order to collect on the judgment. Actions involving the liquidity of the corporation that are alleged to have occurred after the judgment was entered would not be issues that could have been resolved in the previous action.

This case is presented to us as the dismissal of a complaint based upon the alleged failure to state a claim. We review such cases de novo. See *Doe v. Omaha Pub. Sch. Dist., ante* p. 79, 727 N.W.2d 447 (2007). When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Id.* Dismissal under rule 12(b)(6) should be granted only in the unusual case in which the allegations show on the face of the complaint that there is some insuperable bar to relief. *Doe, supra.* We do not conclude that Ichtertz is barred from relief.

## CONCLUSION

The district court's order sustaining the motion to dismiss is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.