TIMOTHY BRUMMELS, APPELLANT AND CROSS-APPELLEE, V.
TOM TOMASEK AND MJR ENTERPRISES, INC., DOING
BUSINESS AS TAX AND BUSINESS CONSULTANTS,
APPELLEES AND CROSS-APPELLANTS, AND ROGER DAVIS
AND BANK OF BENNINGTON, APPELLEES.

731 N.W.2d 585

Filed May 18, 2007.    No. S-05-1548.

Gregory C. Scaglione and Heather S. Voegele, of Koley Jessen, P.C., L.L.O., for appellant.

P. Shawn McCann, of Sodoro, Daly & Sodoro, P.C., for appellees Tom Tomasek and MJR Enterprises, Inc.

James J. Niemeier and Michael T. Eversden, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee Bank of Bennington.

Betty L. Egan and Kylie A. Wolf, of Walentine, O'Toole, McQuillan & Gordon, for appellee Roger Davis.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## I. NATURE OF CASE

Timothy Brummels, appellant, filed his third amended complaint in the district court for Douglas County against Tom Tomasek; MJR Enterprises, Inc., doing business as Tax and Business Consultants (MJR); Dennis L. Carlson; Roger Davis; and the Bank of Bennington, appellees. In his operative complaint, Brummels set forth four separate claims for relief entitled "Fraud," "Negligent Misrepresentation," "Fraudulent Concealment," and "Conspiracy." Brummels alleged, inter alia, that appellees had prepared and submitted false information to the Internal Revenue Service (IRS), allegedly involving Brummels' misappropriation of funds and unreported income, and that appellees concealed exonerating information from the IRS. Brummels alleged that the actions of appellees resulted in an IRS audit of Brummels. Brummels further alleged that the IRS ultimately cleared him of any liability but that he sustained damages as a result of appellees' actions. In response to Brummels' allegations, appellees each filed rule 12(b)(6) motions to dismiss, asserting that the complaint failed to state a claim upon which relief could be granted. See Neb. Ct. R.

of Pldg. in Civ. Actions 12(b)(6) (rev. 2003). The district court sustained appellees' motions and did not grant leave to replead. Brummels appeals. Tomasek and MJR cross-appeal from the district court's order denying their motion for attorney fees under Neb. Rev. Stat. § 25-824 (Reissue 1995). We find no merit to either the appeal or the cross-appeal and accordingly affirm.

## II. STATEMENT OF FACTS

Brummels initiated this action on January 18, 2005. On June 2, he filed his amended complaint naming appellees as the defendants. Appellees Tomasek, MJR, Davis, and the Bank of Bennington each filed rule 12(b)(6) motions to dismiss Brummels' amended complaint. The district court sustained appellees' motions but granted Brummels leave to replead. On July 25, Brummels filed his second amended complaint, to which appellees each filed rule 12(b)(6) motions to dismiss. The district court sustained appellees' motions and again granted Brummels leave to replead.

On October 7, 2005, Brummels filed his third amended complaint, the operative complaint for purposes of this appeal (hereafter complaint). Because the district court in this case sustained appellees' rule 12(b)(6) motions to dismiss the complaint, this statement of facts is taken from the facts alleged in Brummels' complaint.

According to the complaint, in October 1997, Brummels and Larry Welchert incorporated Welchert Construction, Inc. (the corporation), and formed Welchert Enterprises, L.L.C. (the LLC). Brummels and Welchert were equal owners of the LLC, and Brummels and Welchert, together with their spouses, were equal owners of the corporation. Brummels and Welchert retained Tomasek, Carlson, and MJR to provide financial reporting and tax preparation services for the corporation and the LLC. The corporation and the LLC also formed loan and other contractual relationships with the Bank of Bennington and the bank's employee Davis. In April 2000, Brummels ceased any management relationship with either the corporation or the LLC. We note that Brummels does not allege in his complaint that he ceased to be an owner of either the corporation or the LLC.

In his complaint, Brummels alleged that after he ceased his management role in the corporation and the LLC, disputes arose between Brummels and Welchert regarding their respective wages, salaries, benefits, "draws," and distributions. Brummels alleged that in 2001, Welchert and appellees conferred and mutually agreed to materially and falsely alter the business records, reports, and general ledgers of the corporation and the LLC in such a way as to falsely exaggerate the amount of income attributed to Brummels and reduce the amount attributed to Welchert for the years 1997 through 2000. Appellees then allegedly reported this false financial information to the IRS. Brummels also asserted that appellees "advised and convinced" the IRS that Brummels had misappropriated money from the corporation and the LLC. Brummels further alleged that appellees had access to facts and documents that showed the information they were reporting to the IRS was false, but that appellees intentionally failed to provide such information to the IRS and never advised the IRS of such exonerating facts and documents.

Brummels alleged that appellees' false reporting to the IRS prompted the IRS to institute an audit of Brummels in 2002 for unreported income. As a result of the IRS' action, Brummels retained accounting, tax, and legal counsel to assist him in responding to the audit. In October 2003, the IRS completed its audit and determined that Brummels was not liable for unreported income and misappropriated funds. In his complaint, Brummels asserted that the audit cost him substantial amounts in fees for accountants and attorneys as well as lost wages and opportunities.

As a result of appellees' alleged actions, Brummels set forth four separate claims for relief against appellees: fraud, negligent misrepresentation, fraudulent concealment, and conspiracy. During appellate oral argument in this case, counsel for Brummels acknowledged that the fraud claim was a claim for fraudulent misrepresentation, which title we use hereafter. In his complaint, Brummels sought damages against appellees for the costs he incurred as part of the IRS' audit, as well as damages for injury to his reputation, business relationships, and credit.

Appellees each filed rule 12(b)(6) motions to dismiss Brummels' complaint, all to the effect that the complaint failed to state a claim for which relief could be granted. In their motion to dismiss, Tomasek and MJR also moved for attorney fees pursuant to § 25-824, claiming that Brummels' complaint was frivolous. On November 21, 2005, the district court entered an order sustaining appellees' motions to dismiss and dismissing Brummels' complaint. In its order, the district court did not grant leave to replead. On December 19, the district court entered an order denying Tomasek and MJR's motion for attorney fees. Brummels appeals. Tomasek and MJR cross-appeal from the district court's order denying their motion for attorney fees.

We note that as a result of a settlement reached between Brummels and Carlson after Brummels had filed the instant appeal, Brummels and Carlson stipulated that Carlson should be dismissed as a party to the appeal. That stipulation was approved, and on June 2, 2006, Carlson was ordered dismissed from the appeal with prejudice. Accordingly, further references in this opinion to appellees exclude Carlson.

### III. ASSIGNMENTS OF ERROR

On appeal, Brummels assigns numerous errors, all of which can be summarized as claiming that the district court erred in determining that Brummels' complaint failed to state a claim for relief for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and conspiracy.

For their cross-appeal, Tomasek and MJR claim, restated, that the district court erred in failing to award Tomasek and MJR attorney fees pursuant to § 25-824.

### IV. STANDARDS OF REVIEW

■ An appellate court reviews de novo a lower court's dismissal of a complaint for failure to state a claim. *Ichtertz v. Orthopaedic Specialists of Neb., ante* p. 466, 730 N.W.2d 798 (2007).

■ On appeal, a trial court's decision allowing or disallowing attorney fees under § 25-824 for frivolous or bad-faith litigation will be upheld in the absence of an abuse of discretion by the trial court. *Myers v. Nebraska Equal Opp. Comm.*, 255 Neb. 156, 582 N.W.2d 362 (1998).

## V. ANALYSIS

### 1. APPEAL: THE DISTRICT COURT DID NOT ERR IN DISMISSING BRUMMELS' COMPLAINT

Brummels asserts on appeal that the district court erred in dismissing his complaint. In summary, he argues that he adequately stated claims against appellees for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and conspiracy. We determine that Brummels has failed to state a claim against appellees under any of his asserted claims for relief, and we therefore conclude that the district court did not err in dismissing Brummels' complaint.

█ Our consideration of Brummels' arguments on appeal is guided by the rules governing rule 12(b)(6) motions to dismiss. A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief. *Johnston v. Nebraska Dept. of Corr. Servs.*, 270 Neb. 987, 709 N.W.2d 321 (2006). An appellate court reviews de novo a lower court's dismissal of a complaint for failure to state a claim. *Ichtertz v. Orthopaedic Specialists of Neb., supra.* When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Id.*

### (a) Fraudulent Misrepresentation

█ We have stated that in order to state a claim for fraudulent misrepresentation, a plaintiff must allege (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that the representation was made with the intention that the plaintiff should rely on it; (5) that the plaintiff did so rely on it; and (6) that the plaintiff suffered damage as a result. See, *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005); *Freeman v. Hoffman-La Roche, Inc.*, 260 Neb. 552, 618 N.W.2d 827 (2000).

In his complaint, Brummels alleges that appellees made representations to the IRS that they knew were false. Brummels

further alleges that appellees made the representations intending that the IRS would rely on them and that the IRS did rely upon appellees' representations, leading to the IRS' audit of Brummels and causing him damage. In his complaint, Brummels does not allege that appellees made false representations to him, intending that he rely upon them. As noted above, an element of a fraudulent misrepresentation claim is that allegedly false representations were made to the plaintiff, with the intention that the plaintiff relied upon them. See, e.g., *Foiles v. Midwest Street Rod Assn. of Omaha*, 254 Neb. 552, 557, 578 N.W.2d 418, 422 (1998) (discussing in case involving fraudulent misrepresentation claim whether plaintiff would be "justified in relying upon a representation made to him"). Thus, Brummels has failed to allege a necessary element for a fraudulent misrepresentation claim. See *Eicher v. Mid America Fin. Invest. Corp., supra.* In the absence of an allegation of a representation to Brummels, Brummels has failed to state a claim for fraudulent misrepresentation, and the district court did not err in sustaining appellees' motions to dismiss Brummels' fraudulent misrepresentation claim.

(b) Negligent Misrepresentation

In *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 370, 518 N.W.2d 910, 921 (1994), this court adopted the definition of negligent misrepresentation found in the Restatement (Second) of Torts § 552 (1977), which provides as follows:

"(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) Except as stated in Subsection (3) [discussing the liability of individuals who are under a public duty to disseminate information] the liability stated in Subsection (1) is limited to loss suffered

"(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the

information or knows that the recipient intends to supply it; and

"(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."

Accord *Agri Affiliates, Inc. v. Bones*, 265 Neb. 798, 660 N.W.2d 168 (2003). Thus, under a claim for negligent misrepresentation, § 552 of the Restatement specifically limits the liability of a supplier of false information to the person who receives the information "or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it." *Id.* at 127. By its terms, § 552 contemplates liability to third parties only if the supplier intends for the misinformation to ultimately reach the third party or if the supplier knows that the recipient will pass the misinformation on to the third party.

In support of his negligent misrepresentation claim, Brummels relies on the reasoning of the New Jersey Superior Court, Appellate Division, which extended the supplier's potential liability to third persons who were not the recipient of the negligent misrepresentation. See *Singer v. Beach Trading Co., Inc.*, 379 N.J. Super. 63, 876 A.2d 885 (2005). Brummels suggests we adopt this reasoning.

We have not been directed to any cases where this court has extended negligent misrepresentation claims to permit those purported claims to be brought by individuals who have not received and have not been guided by the allegedly false information. In connection with our consideration of the reasoning urged by Brummels, we note that a comment to § 552 specifically provides that

[t]he maker of the negligent misrepresentation is subject to liability to only those persons for whose guidance he knows the information to be supplied, and to them only for loss incurred in the kind of transaction in which it is expected to influence them, or a transaction of a substantially similar kind.

*Id.*, comment *i*. at 136-37. We are guided by this comment and its indication of the limitations of § 552. Given our existing jurisprudence and the confines of § 552, we do not think

it prudent to extend the scope of negligent misrepresentation claims as suggested by Brummels and, accordingly, we reject Brummels' invitation to do so.

As noted above, Brummels alleges in his complaint that appellees made false representations to the IRS. Brummels fails to allege, however, that appellees made such misrepresentations to him or that appellees supplied the information for Brummels' guidance. Accordingly, Brummels failed to state a claim for negligent misrepresentation, see *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994), and the district court did not err in sustaining appellees' motions to dismiss Brummels' negligent misrepresentation claim.

### (c) Fraudulent Concealment

■ In order to assert a claim for fraudulent concealment, a plaintiff must allege that

> "(1) the defendant had a duty to disclose a material fact; (2) the defendant, with knowledge of the material fact, concealed the fact; (3) the material fact was not within the plaintiff's reasonably diligent attention, observation, and judgment; (4) the defendant concealed the fact with the intention that the plaintiff act in response to the concealment or suppression; (5) the plaintiff, reasonably relying on the fact or facts as the plaintiff believed them to be as the result of the concealment, acted or withheld action; and (6) the plaintiff was damaged by the plaintiff's action or inaction in response to the concealment."

*Streeks v. Diamond Hill Farms, Inc.*, 258 Neb. 581, 589, 605 N.W.2d 110, 118 (2000).

In his complaint, Brummels alleged that appellees suppressed or concealed information with the intention that the IRS would act in response to the concealment or suppression. There is no allegation, however, that appellees suppressed information so that Brummels would be misled. In the absence of an allegation that appellees concealed information with the intention that Brummels would act in response to the concealment or suppression, Brummels has failed to state a claim for fraudulent concealment. See *Streeks v. Diamond Hill Farms, Inc., supra.* The district court did not err in sustaining appellees' motions to dismiss Brummels' claim for fraudulent concealment.

### (d) Conspiracy

■ In his complaint, Brummels alleges that appellees formed a conspiracy to harm him by developing an agreement or understanding between themselves to inflict a wrong or an injury against him. We have previously stated that a "conspiracy" is not a separate and independent tort in itself, but, rather, is dependent upon the existence of an underlying tort. *Hatcher v. Bellevue Vol. Fire Dept.*, 262 Neb. 23, 628 N.W.2d 685 (2001). Without such an underlying tort, there can be no claim for relief for a conspiracy to commit the tort. *Id.* As set forth above, we have determined that the district court did not err in dismissing Brummels' claims against appellees for fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment. In the absence of any of these underlying tort claims, Brummels cannot state a claim for conspiracy. The district court did not err in sustaining appellees' motions to dismiss Brummels' conspiracy claim.

We have reviewed de novo the district court's dismissal of Brummels' complaint for failure to state a claim. See *Ichtertz v. Orthopaedic Specialists of Neb.,* ante p. 466, 730 N.W.2d 798 (2007). Accepting the complaint's factual allegations as true and construing them in the light most favorable to Brummels, we determine that on the face of his complaint, Brummels has failed to state a claim for fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, or conspiracy. See *id.* The controlling complaint was the fourth complaint filed by Brummels, and in its order, the district court did not grant leave to replead. We find no error in the district court's ruling, and, accordingly, we affirm the district court's order sustaining appellees' rule 12(b)(6) motions to dismiss and dismissing Brummels' complaint.

### 2. CROSS-APPEAL: THE DISTRICT COURT DID NOT ERR IN DENYING TOMASEK AND MJR'S MOTION FOR ATTORNEY FEES

For their cross-appeal, Tomasek and MJR claim that the district court erred in denying their motion for attorney fees pursuant to § 25-824. Section 25-824 provides generally that the district court can award reasonable attorney fees and court costs against any attorney or party who has brought or defended

a civil action that alleges a claim or defense that a court determines is frivolous or made in bad faith. See *Stewart v. Bennett, ante* p. 17, 727 N.W.2d 424 (2007).

The district court in the instant case denied Tomasek and MJR's motion, effectively determining that Brummels' claims in the instant case were not frivolous or made in bad faith. We review such ruling for an abuse of discretion. See *Myers v. Nebraska Equal Opp. Comm.*, 255 Neb. 156, 582 N.W.2d 362 (1998). In connection with his negligent misrepresentation claim, Brummels proposed a plausible, albeit unsuccessful, extension of the law of negligent misrepresentation based on authority from another jurisdiction. Reviewing the entire procedural history of this case, we conclude that the district court did not abuse its discretion in denying Tomasek and MJR's motion for attorney fees, and we affirm the district court's decision.

## VI. CONCLUSION

For the reasons discussed above, we conclude that the district court did not err in sustaining appellees' rule 12(b)(6) motions to dismiss and in dismissing Brummels' complaint. We further conclude that the district court did not abuse its discretion in denying Tomasek and MJR's motion for attorney fees. The decisions of the district court are affirmed.

AFFIRMED.